Arthur B. **AUMAN**

v.

**Frank FABIANO.**
Civ. No. 1641.

United States District Court
N. D. Indiana, South Bend Division.
July 7, 1955.

Louis L. Anderson, South Bend, Ind., for plaintiff.

Harry S. Taylor, South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action tried to the court seeking recovery on two contracts, one executed by the parties on May 1, 1953, and the other on July 23, 1953.

As to the contract of May 1, 1953, there is no contention that the subject matter thereof was illegal and the parties are in agreement that there is a balance due to the plaintiff by the defendant thereon in the sum of $1,025.00, which the plaintiff is entitled to recover.

As to the contract of July 23, 1953, the defendant has pleaded illegality of consideration and the core question is whether the contract is unenforceable by reason thereof.

The evidence is conclusive that prior to July 23, 1953, the plaintiff was the sole owner of the A & B Distributing Company and was engaged in the gambling business through the operation of pin ball machines in locations secured thereby in South Bend and St. Joseph County, Indiana; that he sold said business to the defendant under the contract of July 23, 1953, which was executed by the parties in South Bend, Indiana, and the business was to continue to be operated by the defendant as a gambling business with the balance of the purchase price to be paid to the plaintiff by the defendant by the plaintiff receiving one-half of the net profits of the business each week.

In Indiana gambling is illegal, and we believe it to be the law in Indiana, and we so hold, that if a contract, upon which the claim is founded, can be wholly disconnected from the illegal transaction, it is enforceable, but if it is in furtherance of the illegal transaction the law will not assist in enforcing the contract and will leave the parties in the situation in which they have placed themselves.

Under the evidence before us we have no alternative but to find that the subject matter of the contract of July 23, 1953 was illegal and that the contract is unenforceable.

Therefore, the court having considered all of the evidence, the arguments of counsel, and the law applicable thereto, does now make the following

## Findings of Fact

### 1

On May 1, 1953 the parties entered into a written contract reading as follows:

"A & B Distributing Company

May 1, 1953

Agreement

It is agreed between Arthur Auman and Frank Fabiano that the following business transaction is in order and amounts listed as correct.

Frank Fabiano is purchasing from Arthur Auman the Jukes on location and Arthur Auman's interest complete of the Clover Bowlers also on location.

| | |
|---|---:|
| Juke Locations | $5,000.00 |
| (also to pay balance due on Jukes) | |
| to reimburse payments made on Jukes this date | 209.92 |
| Locations & previous service on Clover Bowlers | 250.00 |
| | $5,459.92 |
| Down Payment | 959.92 |
| Balance | |
| | $4,500.00 |

Balance shall be paid as follows:

$400.00 per month beginning June 1, 1953.

St. Joseph County                              S/ Arthur Auman

signed this 1st day of May, 1953                S/Frank R. Fabiano

S/ Mary J. Kettering
      Notary Public

Comm. Ex.
1–27–57"

### 2

There is due and owing to the plaintiff by the defendant on the contract of May 1, 1953, set out in Finding No. 1, the sum of $1,025.00.

### 3

On July 23, 1953 the parties entered into a written contract in South Bend, Indiana, reading as follows:

"A & B Distributing Company

July 23, 1953

Agreement Between
Arthur Auman and Frank Fabiano

Arthur Auman agrees to sell entire business known as the A & B Distributing Company to Frank Fabiano as of July 27, 1953 for terms as follows:

| | |
|---|---:|
| Business Exchange | $50,000.00 |
| Frank Fabiano assuming outstanding debts | 10,125.11 |
| Total | $39,874.89 |
| Down Payment | 6,500.00 |
| Balance | $33,374.89 |

It is agreed that Balance shall be paid off weekly and the amount of payment shall be based on Net Profit of the business of the A & B Distributing Company.

Mr. Auman is to receive 50% of the Net Profit weekly.

There is to be a 4% interest carrying charge on unpaid balance.

If, at any time, payments are in arrears for a period of thirty days—the business will automatically revert back to original owner.

S/ Arthur Auman
Arthur Auman
S/ Frank R. Fabiano
Frank Fabiano

the above has been agreed to by both parties and witness and signed before me a Notary Public in St. Joseph County State of Indiana this 23rd day of July, 1953.

S/ Mary Jane Kettering
Notary Public
Comm. Expires—1-27-57"

4

The A & B Distributing Company was, prior to July 23, 1953, a business owned by the plaintiff and engaged in operating coin pin ball machines which were adapted for use in such a way that as a result of the insertion of a piece of money or coin they could be caused to operate or might be operated, and by reason of the element of chance or of the other outcome of such operation unpredictable to the operator, he might receive or secure additional chances or rights to use such machines or be paid in cash therefor.

5

Said pin ball machines operated by the plaintiff under the name and style of A & B Distributing Company were gambling devices.

6

The pin ball machines were placed by the plaintiff in various locations in Indiana, consisting of clubs and places of business operated for entertainment, without being sold thereto and without any definite rental therefor, under an arrangement whereby the clubs and places of entertainment would receive one-half of the profits from the machines after the pay off to the players thereof.

7

Under the arrangement of operation by the plaintiff with the clubs and places of entertainment, the persons playing the pin ball machines were entitled and permitted to exchange their additional chances or rights to use the machines for cash and were so paid by the clubs and places of entertainment where the machines were placed by the plaintiff and the players did so exchange such free games for cash and were paid in cash and the amounts so paid to the players of the machines were deducted from the total cash deposited in the machines and the balance was divided between the plaintiff and the clubs and places of entertainment in which the plaintiff had placed his machines.

8

On July 23, 1953, the plaintiff was operating a gambling business in the State of Indiana under the firm name and style of A & B Distributing Company.

9

On July 23, 1953, the plaintiff sold the A & B Distributing Company to the defendant under the contract set out in Finding No. 3, which was a gambling business operated by the plaintiff in the State of Indiana with the understanding that the defendant was to operate said gambling business in the same manner as the plaintiff had operated it in the past.

10

The transaction evidenced by the contract set out in Finding No. 3 was illegal and known by both the plaintiff and defendant to be such and both the plaintiff and defendant knew and intended that the defendant should and would operate the business of the A & B Distributing Company as a gambling business with

the balance of the purchase price to be paid to the plaintiff out of the net profits of said illegal transaction.

**11**

The sale of the A & B Distributing Company on July 23, 1953 by the plaintiff to the defendant was in furtherance of the illegal transaction and the contract set out in Finding No. 3 is void because of illegality and is unenforceable.

Upon the foregoing findings of fact, the court does now state its

### Conclusions of Law

**1**

This court has jurisdiction of the parties to and the subject matter of this action.

**2**

The plaintiff is entitled to recover from the defendant the sum of $1,025.00 on the contract of May 1, 1953, set out in Finding No. 1.

**3**

The contract of July 23, 1953, set out in Finding No. 3, was in furtherance of an illegal transaction and is unenforceable.

**4**

The contract of July 23, 1953, set out in Finding No. 3 is void for illegality and is unenforceable.

**5**

The consideration for the contract of July 23, 1953, set out in Finding No. 3, is illegal and the contract is unenforceable.

**6**

The contract of July 23, 1953, set out in Finding No. 3, being contrary to law because of illegality of consideration, is unenforceable and the parties will be left in the situation in which they have placed themselves.

**7**

The plaintiff is entitled to recover nothing on the contract of July 23, 1953, set out in Finding No. 3.

**8**

The plaintiff is entitled to a judgment against the defendant in the sum of $1,025.00.

The clerk is hereby ordered to enter judgment in favor of the plaintiff and against the defendant in the sum of $1,025.00 together with costs.